1  JODY A. LANDRY, Bar No. 125743
   jlandry@littler.com
2  SHANNON M. GOING, Bar No. 273844
   sgoing@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA  92101.3577
   Telephone:  619.232.0441
5  Facsimile:   619.232.4302

6  Attorneys for Defendant
   WASHINGTON INVENTORY SERVICE, INC.
7  d/b/a WIS INTERNATIONAL

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD HOSE, on his own behalf,      Case No.  14-cv-2869 WQH (RBB)
    and on behalf of all others similarly
12  situated,                             **DEFENDANT'S REPLY TO
                                          PLAINTIFF'S OPPOSITION TO
13                  Plaintiffs,           DEFENDANT'S MOTION TO
                                          COMPEL ARBITRATION AND TO
14  v.                                    DISMISS OR, IN THE
                                          ALTERNATIVE, TO STAY**
15  WASHINGTON INVENTORY
    SERVICE, INC., d/b/a WIS              Hearing Date:      February 15, 2016
16  INTERNATIONAL, a California
    corporation,
17
                    Defendants.
18                                        NO ORAL ARGUMENT UNLESS
                                          REQUESTED BY THE COURT
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

Case No. 14-cv-2869 WQH (RBB)

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ...........................................................................1

II.   ARGUMENT .................................................................................1

   A.   Supreme Court Authority Compels Application Of The FAA And
        Mandates Arbitration Of The Opt-ins' Claims...........................1

   B.   Plaintiff Fails To Meet His Burden To Prove The DRA Is Invalid ..........2

        1.   The FAA Does Not Require A Signature .................................2

        2.   The Opt-ins' Bound Themselves To The Terms Of The
             DRA...............................................................................3

             a.   The Opt-ins' Electronic Signatures Are Binding.................3

             b.   The Signatures Are Admissible Under State Law...............5

             c.   The Opt-ins Cannot Invalidate The DRA ...........................6

        3.   The Opt-ins' Acceptance of the DRA Is Also Implied In
             Fact................................................................................8

   C.   The Opt-Ins Are Not Exempt Under Section 1 Of The FAA As
        Transportation Workers ...........................................................8

III.  CONCLUSION................................................................................10

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

i.

1

# TABLE OF AUTHORITIES

2

3

PAGE(S)

4

CASES

5

*Alaska American Lumber Co., Inc. v. U.S.*
6
    25 Cl. Ct. 518 (Cl. Ct. 1992) ......................................................................... 7

7

*Allied-Bruce Terminix Cos., Inc. v. Dobson*
8
    513 U.S. 265 (1995) ....................................................................................... 2

9

*Am. Exp. Travel Related Servs. v. Vinhnee, (In re Vinhnee)*
    336 B.R. 437 (B.A.P. 9th Cir. 2005) ............................................................... 3
10

11

*Am. Title Ins. Co. v. Lacelaw Corp.,*
    861 F.2d 224 (9th Cir. 1988) ......................................................................... 9

12

*AT&T Mobility vs. Concepcion,*
13
    563 U.S. 333 (2011) ................................................................................... 2, 6

14

*Castello v. City of Seattle,*
15
    No. C10-1457 MJP, 2011 WL 6330038 (W.D. Wash. Dec. 19, 2011) *aff'd,*
    529 F. App'x 837 (9th Cir. 2013) ................................................................... 3
16

17

*Circuit City Stores, Inc. v. Adams,*
    532 U.S. 105 (2001) ....................................................................................... 8
18

19

*Circuit City Stores, Inc. v. Najd*
    294 F.3d 1104 (9th Cir. 2002) .................................................................... 8, 9

20

*Cloud Corp. v. Hasbro, Inc.,*
21
    314 F.3d 289 (7th Cir. 2002) ......................................................................... 5

22

*Davis v. Nordstrom, Inc.*
23
    755 F.3d 1089 (9th Cir. 2014) ....................................................................... 8

24

*DIRECTV, Inc. v. Imburgia,*
25
    136 S.Ct. 463 (2015) ...................................................................................... 6

26

*Doctor's Associates, Inc. v. Casarotto,*
    517 U.S. 681 (1996) ...................................................................................... 6
27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1

2

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE(S)

3

4

*Employee Painters' Trust v. J & B Finishes*
    77 F.3d 1188 (9th Cir. 1996)................................................................7

5

6

*Garrido v. Air Liquide Industrial U.S. LP*
    241 Cal.App.4th 833 (2015)..............................................................9

7

8

*Gold v. Deutsche Aktiengesellschaft*
    365 F.3d 144 (2d Cir. 2004).............................................................7

9

*Green Tree Fin. Corp.-Ala. v. Randolph,*
    531 U.S. 79 (2000).........................................................................2

10

11

*Hamdi Halal Market LLC v. U.S.,*
    947 F.Supp.2d 159 (D. Mass. 2013) ...............................................5

12

13

*Harden v. Roadway Package Systems, Inc.,*
    249 F.3d 1137 (9th Cir. 2001) .........................................................9

14

15

*Hicks v. Macy's Dept. Stores, Inc.*
    C 06-02345 CRB, 2006 WL 2595941 (N.D. Cal., Sept. 11, 2006)....................8

16

17

*Hill v. Rent-A-Center, Inc.*
    398 F.3d 1286 (11th Cir. 2005).......................................................9

18

19

*Hydranautics v. FilmTec Corp.,*
    306 F.Supp.2d 958 (S.D. Cal. 2003) ................................................7

20

21

*International Broth. of Teamsters Local Union No. 50 v. Kienstra Precast, LLC*
    702 F.3d 954 (7th Cir. 2012)...........................................................9

22

*J.B.B. Investment Partners, Ltd v. Fair,*
    232 Cal.App.4th 974 (2014), *as modified* (Dec. 30, 2014)..................6

23

24

*Jones-Mixon v. Bloomingdale's, Inc.,*
    14-CV-01103-JCS, 2014 WL 2736020 (N.D. Cal., June 11, 2014)............ 4, 5, 8

25

26

*Klein v. Delbert Servs. Corp.,*
    No. 15-CV-00432-MEJ, 2015 WL 1503427 (N.D. Cal. Apr. 1, 2015)..............4, 5

27

28

*Knutson v. Sirius XM Radio Inc.,*
    771 F.3d 559 (9th Cir. 2014)...........................................................7

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

iii.

1

2

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

3

4

*Lenz v. Yellow Transp., Inc.*
   431 F.3d 348 (8th Cir. 2005)..................................................... 9

5

6

*Lorraine v. Markel American Ins. Co.,*
   241 F.R.D. 534 (D. Md. 2007)................................................... 3

7

8

*Madden v. Kaiser Foundation Hospitals*
   17 Cal.3d 699 (1976)................................................................ 8

9

*Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations,*
   107 F.3d 979 (2d Cir.1997)....................................................... 9

10

11

*McCarthy v. Providential Corp.,*
   No. C 94-0627 FMS, 1994 WL 387852 (N.D. Cal. July 19, 1994).................... 7

12

13

*Michalski v. Circuit City Stores, Inc.*
   177 F.3d 634 (7th Cir. 1999)..................................................... 8

14

15

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
   473 U.S. 614 (1985).............................................................2, 6

16

17

*Nghiem v. NEC Elecs., Inc.*
   25 F.3d 1437 (9th Cir. 1994), cert. denied 115 S. Ct. 638..................... 3

18

19

*Pietro Scalzitti Co. v. Int'l Union of Operating Eng'rs, Local No. 150,*
   351 F.2d 576 (7th Cir. 1965)..................................................... 9

20

21

*Pinto v. Walt Disney Parks and Resorts U.S., Inc.,*
   528 Fed. Appx. 694 (9th Cir. 2013).............................................. 7

22

*Ruiz v. Moss Bros. Auto Grp.,*
   232 Cal. App. 4th 836 (2014)...................................................5, 6

23

24

*Veliz v. Cintas Corp.,*
   C 03-1180 SBA, 2004 WL 2452851, at *3 (N.D. Cal., Apr. 5, 2004) ........ 9

25

26

*Villalpando v. Transguard Insurance Company of America,*
   17 F.Supp.3d 969, 983 (N.D. Cal. 2014) ........................................ 7

27

28

*Volt Info. Scis., Inc. v. Board of Trustees,*
   489 U.S. 468 (1989) ............................................................. 1

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE(S)

**STATUTES**

Ala. Code. § 8-1A-7 ................................................................................................ 5

Fla. Stat. §668.004 ................................................................................................ 5

9 U.S.C. § 2 .................................................................................................... 2, 3, 6

**OTHER AUTHORITIES**

F.R.C.P. 7(b) ........................................................................................................ 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION

Plaintiff's arguments, that the thirteen opt-in party plaintiffs [1] ("opt-ins") covered by this motion cannot be compelled to arbitrate their claims against Defendant Washington Inventory Service, Inc. ("WIS"), are not based on any relevant evidence or supported by the cited law.   The opt-ins do not dispute signing an agreement to arbitrate (DRA), but instead some claim that they do not recall doing so, mistakenly believing that relieves them of their obligation to arbitrate.   Plaintiff also baselessly tries to undermine the competent and admissible evidence of each opt-ins' assent to the DRA.   Plaintiff also contradicts his judicial admissions that the business of WIS is to provide "inventory counting services", in arguing that WIS is in the "transportation industry" and that the opt-ins are therefore "transportation workers" exempt from the Federal Arbitration Act ("FAA").   The law and evidence before the Court supports an order requiring the opt-ins to arbitrate their claims.

## II.   ARGUMENT

### A.   Supreme Court Authority Compels Application Of The FAA And Mandates Arbitration Of The Opt-ins' Claims.

Under the plain language of the DRA, the parties agreed that the DRA is governed by the FAA.   Declaration of Gabe Mazzarolo in Support of Defendant's Motion to Compel Arbitration, (Doc. No. 57-3) ("Mazzarolo Decl."), ¶ 6, Ex. 1, ¶ 1. Parties may agree to a choice-of-law provision subjecting an arbitration agreement to the FAA.   *Volt Info. Scis., Inc. v. Board of Trustees*, 489 U.S. 468, 489 (1989). "Parties are generally free to structure their arbitration agreements as they see fit.  Just as they may limit by contract the issues which they will arbitrate . . . so too may they specify by contract the rules under which that arbitration will be conducted."   *Id.* at 479 (internal citation omitted).   Here the opt-ins expressly agreed to the terms of the DRA and thereby agreed that the FAA controls the analysis of the validity and

---

[1] WIS's motion pertains to the 13 opt-ins who signed DRAs as of that time.  (Doc. No. 57-1). Plaintiff only submits declarations from six of them.

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

Case No. 14-cv-2869 WQH (RBB)

1   enforceability of the DRA.  Mazzarolo Decl., Exhs.4-16.

2       Even if that were not the case, the FAA still applies.  Section 2 of the FAA uses

3   sweeping language to ensure its broad application, clarifying that it applies to

4   enforcement of arbitration provisions in any contract "evidencing a transaction

5   involving commerce."   9 U.S.C. § 2.   The phrase "involving commerce" is the

6   functional equivalent to "affecting commerce" and the Supreme Court has interpreted

7   it to indicate Congress' intent to exercise its commerce power to the maximum extent.

8   *Allied-Bruce Terminix Cos., Inc. v. Dobson* 513 U.S. 265, 277 (1995); *see also AT&T*

9   *Mobility vs. Concepcion,* 563 U.S. 333, 339 (2011).

10      **B.**    **Plaintiff Fails To Meet His Burden To Prove The DRA Is Invalid.**

11      Because of the strong judicial preference for enforcement of arbitration

12  agreements, "the party resisting arbitration bears the burden of proving that the claims

13  at issue are unsuitable for arbitration."   *Green Tree Fin. Corp.-Ala. v. Randolph*, 531

14  U.S. 79, 91 (2000) (citations omitted).  Any doubts or ambiguities must be resolved in

15  favor of arbitration.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473

16  U.S. 614, 626-627 (1985).

17      Plaintiff provides no relevant evidence to support a finding that the DRA is

18  unenforceable.  Under the FAA and any applicable state law, the executed DRAs are

19  competent, admissible evidence of each opt-in's agreement to the terms of the DRA.

20  As discussed below, each opt-ins' intent to enter into the DRA is properly inferred

21  from his signature, as well as his subsequent failure to opt out while continuing to

22  work for WIS.  The opt-ins who submitted declarations do not deny signing the DRA.

23  Instead, they claim that "they do not recall" doing so.  Plaintiff's Opposition (Doc.

24  No. 72) (Oppo.), 8:5-13; 11:17-21.  However, their lack of memory is irrelevant.

25      **1.**    **The FAA Does Not Require A Signature**

26      Even if Plaintiff provided evidence to undermine the reliability of the opt-ins'

27  signatures affixed to their DRAs (which he does not), this would not render the DRA

28  unenforceable.  The FAA does not require a signature for an arbitration agreement to

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

2.

Case No. 14-cv-2869 WQH (RBB)

be enforceable.  9 U.S.C. § 2; *Nghiem v. NEC Elecs., Inc.* 25 F.3d 1437, 1439-40 (9th Cir. 1994), cert. denied 115 S. Ct. 638.  The DRA is therefore enforceable regardless of whether the opt-ins signed them.[2]

### 2.   The Opt-ins' Bound Themselves To The Terms Of The DRA

Even though not required, the opt-ins did electronically sign a DRA, and WIS' declarations authenticating these agreements are admissible and competent evidence thereof.  *See generally* Mazzarolo Decl.; Declaration of Brenda Vaughn in Support of Defendant's Reply to Plaintiff's Opposition re: Motion to Compel ("Vaughn Decl.); Supplemental Declaration of Mazzarolo ("Supp. Mazzarolo Decl.").

### a.   The Opt-ins' Electronic Signatures Are Binding

Plaintiff fails to cite any federal precedent indicating that electronic signatures are not binding or are subject to heightened scrutiny, and in fact cites authority supporting that WIS properly authenticated the signed DRAs.  Plaintiff mischaracterizes the finding in *Lorraine v. Markel American Ins. Co.,* 241 F.R.D. 534, 542-43 (D. Md. 2007).  There the court found that "[t]he least complex admissibility issues are associated with electronically stored records. 'In general, electronic documents or records that are merely stored in a computer raise no computer-specific authentication issues.'"  *Id.* at 557 (citations omitted).

In the *Vinhnee* case, the Ninth Circuit Bankruptcy Appellate Panel found a trial court did not abuse its discretion in rejecting the admission of computerized documents in the <u>absence of foundation from a qualified witness verifying the authenticity of the records</u>, specifically as to "the retention and retrieval of information contained in the documents."  *Am. Exp. Travel Related Servs. v. Vinhnee (In re Vinhnee)*, 336 B.R. 437,448, 442-49 (B.A.P. 9th Cir. 2005) (emphasis added).

---

[2] Plaintiff's opposition is filled with speculative arguments that the opt-ins did not sign the DRAs. *See e.g.* Oppo., 12-14.  Because Plaintiff fails to present any facts to support his arguments, as required by F.R.C.P. 7(b), his speculation must be ignored.  *Castello v. City of Seattle*, No. C10-1457 MJP, 2011 WL 6330038, at *3, fn. 1 (W.D. Wash. Dec. 19, 2011) *aff'd*, 529 F. App'x 837 (9th Cir. 2013).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

3.

Case No. 14-cv-2869 WQH (RBB)

1    However, in this case, the competent and thorough declarations submitted by
2    WIS authenticate the DRAs.  Collectively, the Mazzarolo declaration submitted in
3    support of WIS' motion, his supplemental declaration and that of Brenda Vaughn
4    submitted herewith, and Mr. Mazzarolo's deposition testimony explain step-by-step
5    how each opt-in logged in to WIS' system and signed the DRA using a unique log-in
6    and passcode credentials that only they could possibly know.  *See* Mazzarolo Decl., ¶¶
7    4-11, Mazzarolo Supp. Decl., ¶¶ 3-6, Vaughn Decl., ¶¶ 2-4, Exh. 1, Mazzarolo Depo.
8    (attached to Landry Decl.), 14:3-18; 44:10-45:4; 65:19-66:1; 85:19-24; 86:5-10;
9    92:15-93:6; 94:5-11.  Through this evidence, WIS explains exactly how those records
10   were created and kept, the safeguards in place on those record retention systems, and
11   the manner in which the true and correct copies of the signed DRA's came to be
12   submitted to the Court.
13       Indeed, Federal courts regularly uphold the validity of electronic signatures
14   supported by similar evidence as WIS presents here.   In *Jones-Mixon v.*
15   *Bloomingdale's, Inc.*, 14-CV-01103-JCS, 2014 WL 2736020 (N.D. Cal., June 11,
16   2014) the District Court compelled the plaintiff to arbitrate claims arising out of her
17   employment when she electronically signed an acknowledgement of arbitration form
18   and subsequently failed to opt out of the agreement.  *Id.*, at *5.  Similar to the present
19   case, the defendant in *Jones-Mixon* produced evidence that the plaintiff electronically
20   signed an acknowledgement form, and that she was only able to do so after inputting
21   unique login information known only to her.  *Id.*  Even though the acknowledgement
22   form in *Jones-Mixon*, unlike in this case, was separate from the agreement itself, the
23   Court confirmed that plaintiff bound herself to the arbitration agreement by entering
24   her electronic signature on the acknowledgement form.  *Id.*
25       Courts also admit electronic signatures on facts showing fewer safeguards than
26   WIS placed on the opt-ins' DRAs.  For example, In *Klein v. Delbert Servs. Corp.,* No.
27   15-CV-00432-MEJ, 2015 WL 1503427 (N.D. Cal. Apr. 1, 2015), the District Court
28   granted the defendant's motion to compel arbitration, finding that plaintiff executed

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

4.

Case No. 14-cv-2869 WQH (RBB)

1  and bound himself to an arbitration agreement by clicking electronic checkboxes
2  presented as part of a promissory note. *Id.* at * 5. The Court found that under the
3  FAA any "electronic sound, symbol or process, attached or logically associated with a
4  contract or other record and executed or adopted by a person with intent to sign the
5  record" may not be denied legal effect solely because it is in electronic form. *Id.*[3]

**b.  The Signatures Are Admissible Under State Law.**

7  Contrary to Plaintiff's assertion that each opt-in's binding assent to the DRA
8  must only be analyzed under California law, that issue has not been briefed for or
9  decided by this Court, nor has WIS conceded applicability of other state laws.
10 Regardless, the DRA cannot be invalidated under California[4] law as it specifically
11 recognizes the enforceability of electronic signatures. California Civil Code section
12 1633 provides that a "record or signature may not be denied legal effect or
13 enforceability solely because it is in electronic form." See *Jones-Mixon*, 2014 WL
14 2736020, *at *5.*

15 Plaintiff argues, based on *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836
16 (2014), that this Court should invalidate the DRA. In *Ruiz*, the company declaration
17 failed to establish that the proffered electronic signature was that of the plaintiff because
18 the supporting declaration "did not indicate whether or if so how" the declarant arrived at
19 the conclusion that the signature was "an act of" Plaintiff. *Id.* at 840-41. Rather, the
20 declaration made conclusory statements with no explanation on how the plaintiff's

---

[3] Courts in various other Circuits confirm that electronic signatures – even those that are not shown to have resulted from a unique log-in (which is what happened here) – are admissible and probative of one's intent to be bound to an agreement. *See, e.g. Hamdi Halal Market LLC v. U.S.*, 947 F.Supp.2d 159, 164 (D. Mass. 2013) (federal courts draw from common law principles to find that no handwritten signature is required to "sign" a document, so typed name on a document suffices as a binding signature); *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 296 (7th Cir. 2002) (the sender's typed name on an e-mail satisfies the signature requirement of the state statute of frauds).

[4] In fact, virtually every state recognizes the validity of electronic signatures. *See e.g.* Ala. Code. § 8-1A-7 (electronic signatures have legal effect); Fla. Stat. §668.004 (electronic signatures legally binding absent legal provision to the contrary).

1   electronic signature was placed on the agreement. *Id.* at 841, 843-844.

2       Here, there is no such evidentiary gap between each opt-in's execution of the
3   DRA and its presentation to this Court.  Gabe Mazzarolo's declarations and deposition
4   testimony, sets out step-by-step the basis of his knowledge that the signature on any
5   DRA is that of the corresponding opt-in.  Mr. Mazzarolo details the procedure by
6   which each opt-in had to authenticate their identity when logging onto WIS' website
7   to view the DRA, and then enter a unique password known only to themself to act as
8   their signature on the DRA. *See supra*, 4:6-9. *Ruiz* is completely inapplicable.[5]

9                   **c.    The Opt-ins Cannot Invalidate The DRA.**

10      Arbitration agreements are presumed valid and enforceable "save upon such
11  grounds as exist at law or in equity for the revocation of any contract". 9 U.S.C. § 2;
12  *see also Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).  This is
13  bolstered by repeated United States Supreme Court rulings that arbitration agreements
14  must be enforced under the FAA as written, notwithstanding contrary state laws or
15  policies.  *Concepcion*, 563 U.S. at 341 ("When state law prohibits outright the
16  arbitration of a particular type of claim, the analysis is straightforward: The
17  conflicting rule is displaced by the FAA.").  A court may invalidate an arbitration
18  agreement based general contract defenses and/or those arising under state law where
19  there are "well-supported claims that the agreement to arbitrate resulted from the sort
20  of fraud or overwhelming economic power that would provide grounds 'for the
21  revocation of any contract.'". *Mitsubishi Motors Corp.*, 473 U.S. at 627 (internal
22  citations omitted); *DIRECTV, Inc. v. Imburgia*, 136 S.Ct. 463, 468 (2015).

23      The opt-ins seek to invalidate their agreement to arbitrate, with six claiming
24  they do not recall signing the DRA, or if they read it they did not understand it or

---

26  [5] Plaintiff also ignores the important and controlling factual distinctions that led the court in *J.B.B.*
27  *Investment Partners, Ltd.* to find there was no settlement agreement because the document alleged to
    be the agreement was simply an email and not a settlement agreement itself.  *J.B.B. Investment*
    *Partners, Ltd v. Fair*, 232 Cal.App.4th 974, 989-90 (2014), *as modified* (Dec. 30, 2014).  This case
28  does not stand for the proposition that electronic signatures are not credible, admissible evidence.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION                6.                Case No. 14-cv-2869 WQH (RBB)

would not have signed it (implying WIS had an obligation to explain it to them). They then claim WIS did not establish they signed the DRA. Oppo., 13:5-14. As explained below, their lack of memory or failure to understand the DRA[6] does not get them out of their agreement, and as explained above, the evidence before the Court shows that they electronically signed them. *See supra*, 4:6-9.

General contract principles hold that one who assents to a contract is bound by its provisions and cannot use lack of diligence to avoid an arbitration agreement. *See Gold v. Deutsche Aktiengesellschaft* 365 F.3d 144, 149 (2d Cir. 2004); *Alaska American Lumber Co., Inc. v. U.S.* 25 Cl. Ct. 518, 529; (Cl. Ct. 1992). And, Courts routinely enforce arbitration agreements despite claims that the agreement to arbitrate was not "read," "explained," "appreciated," or "understood." *See, e.g. Knutson v. Sirius XM Radio Inc.,* 771 F.3d 559, 567 (9th Cir. 2014) ("[a]s a general rule, a party cannot avoid the terms of a contract by failing to read them before signing."); *Pinto v. Walt Disney Parks and Resorts U.S., Inc.,* 528 Fed. Appx. 694, 697 (9th Cir. 2013) (failure to read agreement no defense to its enforcement); *Employee Painters' Trust v. J & B Finishes* 77 F.3d 1188, 1192 (9th Cir. 1996) (party who signs a written agreement is bound by its terms, even though the party neither reads the agreement nor considers the legal consequences of signing it); *Hydranautics v. FilmTec Corp.,* 306 F.Supp.2d 958, 963 (S.D. Cal. 2003) (failure to remember signing employment contract does not excuse performance thereunder); *Villalpando v. Transguard Insurance Company of America*, 17 F.Supp.3d 969, 983 (N.D. Cal. 2014) (when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents); *McCarthy v. Providential Corp.,* No. C 94-0627 FMS, 1994 WL 387852, at *5 (N.D. Cal. July 19, 1994) (confirming "there is no duty under federal law to inform people verbally of the

---

[6] Plaintiff's declarations submitted in support of opposition to motion to compel arbitration, (Doc. No. 72-8 ¶ 28-30; No. 72-7 ¶24-29; No. 72-9 ¶ 32-35; No. 72-10 ¶ 28-31; No. 72-11 ¶ 6-10; No. 72-12 ¶ 6-10; No. 72-13 ¶ 23-26).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

7.

Case No. 14-cv-2869 WQH (RBB)

1    ramifications of a contract clause."); *Madden v. Kaiser Foundation Hospitals* 17

2    Cal.3d 699, 710-11 (1976) (one who assents to an arbitration agreement is bound by it

3    and cannot complain of unfamiliarity with the language of the instrument).

4       Therefore, the opt-ins claimed failure to read the DRA, or their failure to

5    understand it, does not invalidate their agreement to arbitrate.

6       **3.**      **The Opt-ins' Acceptance of the DRA Is Also Implied In Fact.**

7       Even if it could somehow be conceived that none of the opt-ins signed the

8    DRAs (which they did), their acceptance of the DRA is also implied in fact. As with

9    any contract, a party's acceptance of arbitration agreement may be express or implied

10    in fact. *Davis v. Nordstrom, Inc*. 755 F.3d 1089, 1093 (9th Cir. 2014) (finding

11    acceptance of an arbitration provision where an employee was notified of the

12    arbitration provision when she began work and accepted employment on that basis).

13    In the context of an arbitration agreement, an employee's failure to opt out of an

14    arbitration agreement is "indistinguishable from overt acceptance" and binds him to

15    the agreement. *Circuit City Stores, Inc. v. Najd* 294 F.3d 1104, 1109 (9th Cir. 2002);

16    *Davis*, 755 F.3d at 1093).[7] It is thus both the opt-ins' continued employment, after

17    being presented with the DRA, as well as their election not to opt out of the DRA,

18    that establishes they agreed to arbitrate their claims. *See* Mazzarolo Decl. ¶ 26.

19    **C.**      **The Opt-Ins Are Not Exempt Under Section 1 Of The FAA As**
20           **Transportation Workers.**

21       Courts interpreting the section 1 exemption in the FAA consistently construe

22    this exemption narrowly to cover only those employees who work for a transportation

23    industry employer, and have the primary function of transporting goods in interstate

24    commerce for delivery or sale. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 114-

25    116 (2001) (the clause workers "engaged in interstate commerce" should be read to

26    give effect to the terms "seaman" and "railroad employees" and should be "controlled

27    [7] *See also Jones-Mixon*, 14-CV-01103-JCS, 2014 WL 2736020) *Michalski v. Circuit City Stores, Inc.* 177 F.3d 634, 636 (7th Cir. 1999); *Hicks v. Macy's Dept. Stores, Inc.* C 06-02345 CRB, 2006

28    WL 2595941, at *2 (N.D. Cal., Sept. 11, 2006).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  and defined" by reference to these enumerated categories); *Hill v. Rent-A-Center, Inc.*

2  398 F.3d 1286, 1290 (11th Cir. 2005) (even if an employee travels across state lines

3  in the process of carrying out his job duties, he is not necessarily a "transportation

4  worker" when not employed in the transportation industry).[8]

5        The law Plaintiff cites, at best, establishes that the phrase "engaged in interstate

6  commerce" exempts only employees whose primary job function is to transport goods

7  for sale or packages for delivery, including *Harden v. Roadway Package Systems,*

8  *Inc.*, 249 F.3d 1137, 1139 (9th Cir. 2001) (drivers who crossed state lines in the

9  course of their sole duty of delivering packages exempt under Section 1); *Garrido v.*

10  *Air Liquide Industrial U.S. LP* 241 Cal.App.4th 833 (2015)[9], *review denied* (truck

11  driver whose sole job duty was transportation of goods excepted from FAA under

12  Section 1); *International Broth. of Teamsters Local Union No. 50 v. Kienstra Precast,*

13  *LLC* 702 F.3d 954, 957 (7th Cir. 2012) (truckers whose job function was to transport

14  goods for sale exempt from the FAA under Section 1); and *Lenz v. Yellow Transp.,*

15  *Inc.* 431 F.3d 348 (8th Cir. 2005) (employee of interstate trucking company **not**

16  exempt under section 1 because primary job function was customer service).

17        Plaintiff's binding judicial admissions [10] establish that WIS is not in the

18  transportation industry and the opt-ins are not transportation workers.  Plaintiff alleges

19  that WIS is in the business of providing "inventory counting services", and that the

20  opt-ins are primarily engaged in inventory counting services.   Plaintiff's First

21  _____

22  [8] *See also, Pietro Scalzitti Co. v. Int'l Union of Operating Eng'rs, Local No. 150*, 351 F.2d 576, 579-80 (7th Cir. 1965) (FAA's exclusion is limited to those "engaged in the movement of interstate or

23  foreign commerce); *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 982 (2d Cir.1997) (noting that "our Circuit's § 1 exclusion is limited to workers involved in the

24  transportation industries"); *Veliz v. Cintas Corp.*, C 03-1180 SBA, 2004 WL 2452851, at *3 (N.D. Cal., Apr. 5, 2004) modified on reconsideration, 03-01180(SBA), 2005 WL 1048699 (N.D. Cal.,

25  May 4, 2005) ("*Circuit City* mandates that the § 1 exemption be narrowly construed.").

26  [9] This case was vacated by *Garrido v. Air Liquide Industrial U.S. LP,* 241 Cal.App.4th 833 (2015).

27
28  [10] Plaintiff's statements in the operative complaint constitute binding judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL ARBITRATION

9.

Case No. 14-cv-2869 WQH (RBB)

Amended Complaint ("FAC") (Doc. No. 26), ¶¶ 16; 18; 21; *see also* Mazzarolo Decl. ¶ 2. Plaintiff also agrees that the opt-ins work entails only counting inventory for retailers and tasks incidental thereto. FAC, ¶ 21.

Moreover, WIS is classified with the United States Census Bureau as a "support services" employer, a separate category entirely from the "transportation" and "retail trade" industries. Declaration of Thomas Manning, ¶ 3; WIS's Request For Judicial Notice, Exh. 1. Some WIS employees *may* cross state lines with equipment necessary to perform inventory counts, but do not transport goods for sale or delivery. Manning Decl., ¶¶ 2-4. As the above cases show, merely crossing state lines does not make them "transportation workers." Plaintiff's reading of Section 1 would render Section 2 of the FAA, which extends the Act's coverage to any contract "evidencing a transaction involving commerce," meaningless. Thus, the opt-ins cannot exempt themselves from their obligation to arbitrate by relying on Section 1 of the FAA.

## III.   CONCLUSION

The opt-ins must not be allowed to evade their obligation to arbitrate their claims against WIS because they do not want to arbitrate them. The precedent and facts set forth herein demonstrate that the opt-ins, like any other party, must be held to their agreements. This is particularly true because of judicial preference for enforcing arbitration agreements. For these and the additional reasons set forth in Defendant's motion, Defendant respectfully requests that the Court grant its motion to compel arbitration of Plaintiff's claims.

Dated:   February 8, 2016

/s/ Jody A. Landry
JODY A. LANDRY
Attorneys for Defendant
WASHINGTON INVENTORY
SERVICE, INC., d/b/a WIS
INTERNATIONAL

Firmwide:138502392.1 054693.1037

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441