Joshua Konecky, SBN 182897
jkonecky@schneiderwallace.com
Nathan Piller, SBN 300569
npiller@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOSE, on his own behalf, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>WASHINGTON INVENTORY SERVICE, INC., d/b/a WIS INTERNATIONAL, a California corporation,<br><br>　　　　Defendant. | Case No. 14-cv-2869 WQH (RBB)<br><br>**PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY**<br><br>Judge:　　　　The Honorable<br>　　　　　　　William Q. Hayes<br>Hearing Date:　May 5, 2016<br>Time:　　　　9:30 a.m.<br>Courtroom:　　14B |

## I. **INTRODUCTION**

The evidence WIS attempts to introduce in its Reply to Plaintiff's Opposition to the Motion to Compel Arbitration reiterates, and even compounds, the evidentiary deficiencies plaguing its original Motion. With respect to the threshold question of whether the opt-in Plaintiffs ever signed the arbitration agreement WIS is attempting to enforce, WIS's "new" evidence consists of: (1) a supplemental declaration and deposition excerpts from its former Vice President of Information Technology (Gabe Mazzarolo), which merely summarize the same statements made in his prior declaration; and (2) a declaration from WIS's Director of Employment Practices (Brenda Vaughn), which attaches signature ID stamps showing different dates, times, alpha-numeric coding, and styling than the signature ID stamps attached to the original declaration of Mr. Mazzarolo. In fact, comparing Exhibit 1 to Ms. Vaughn's declaration with Exhibits 15-16 to Mr. Mazzarolo's original declaration, raises additional concerns as to which signature IDs are the real ones, and whether any of the Signature ID pages are actually connected to the arbitration agreement, as opposed to the other agreements and verifications residing on WIS's server. Despite having now been given two opportunities to provide evidence demonstrating the authenticity and continuing integrity of the documents on which its entire Motion relies, WIS submits only conclusory declarations and contradictory evidence. At the same time, WIS continues to attempt to impermissibly flip the burden of proof onto Plaintiffs.

With respect to the question of whether WIS's Inventory Associates are "transportation workers" exempt from the Federal Arbitration Act (FAA), WIS presents a declaration from its Director of Corporate Finance (Thomas Manning), along with a request for judicial notice of a Census Bureau website, for the purpose of showing that WIS registered itself with the Census Bureau as an employer in the "support services" industry. Yet, how WIS registers itself with the Census Bureau is not material to the question of whether the Inventory Associates perform activities that qualify them as transportation workers under the FAA. Moreover, Mr. Manning's assertion that "Inventory Associates only perform inventory counting services, and do not sell or deliver goods," is conclusory and

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

1

immaterial in light of the undisputed fact that the Inventory Associates regularly transport goods and people across state lines.

WIS's Motion should be denied both because it has failed to prove the threshold issue of whether the Plaintiffs ever agreed to arbitrate their disputes, and, alternatively, because the Plaintiffs are transportation workers exempt from the FAA.

## II. ARGUMENT

### a. WIS' Reply sidesteps Plaintiff's evidentiary challenges and attempts to impermissibly flip the burden of proof

WIS makes the irrelevant argument that Plaintiff has failed to meet his "burden of proving that the claims at issue are unsuitable for arbitration" because he provides "no relevant evidence to support a finding that the DRA is unenforceable." *See* Defendant's Reply Memorandum in Support of the Motion to Compel [ECF 75] ("D's Reply Br.") at 2:10-24.  In doing so, WIS misses the point of Plaintiff's Opposition.  The issue is not whether the claims might be suitable for arbitration or whether the Dispute Resolution Agreement could be enforceable, if the opt-in Plaintiffs actually executed it. Rather, the gravamen of Plaintiff's opposition is that WIS has failed to meet its initial burden to prove the *existence* of an agreement in the first place.

The first question on a motion to enforce a contract, whether an alleged arbitration agreement or some other contract, is whether an "agreement" was ever reached. "The party seeking arbitration bears the burden of proving the existence of an arbitration agreement...." *UFCW & Employers Benefit Trust v. Sutter Health*, 241 Cal. App. 4th 909, 919 (2015); *see also Langston v. 20/20 Companies, Inc.,* 2014 WL 5335734, at *3 (C.D. Cal. Oct. 17, 2014) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir.2000)).  Thus, as with any other contract, "'[a]bsent a <u>clear agreement</u> to submit disputes to arbitration, courts will not infer that the right to a jury trial has been waived.'" *See Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal. App. 4th 50, 59 (2013) (emphasis added); *see also id.* at 64-65 (reasoning that employer attempting to enforce arbitration

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

2

agreement "failed to meet its evidentiary burden" to establish that the employee actually received and accepted the agreement merely by submitting a conclusory declaration from an executive).

Whatever public policy there may be in favor of arbitration, it "does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration." *Sutter Health*, 241 Cal. App. 4th at 919. Here, Plaintiff specifically challenges the authenticity of the alleged electronic "signatures" on the 13 documents WIS has produced in support of its Motion. Indeed, many of the opt-in Plaintiffs have submitted sworn and unrefuted statements contesting that they ever saw, reviewed or agreed to any arbitration contract. Nonetheless, instead of submitting actual signatures to contradict this sworn testimony, WIS has simply provided a series of two-page exhibits containing a one-page printout of the company's template "agreement," followed by an entirely separate, second page with the employee's typed name, a date, and an alpha-numeric code. As Plaintiff demonstrated in his Opposition, these printouts do not themselves contain an actual signature or demonstrate assent on their face.

To demonstrate the existence of "agreements" to arbitrate, then, WIS must prove that: (1) its security procedures are effective enough to ensure that the signature IDs could have been placed on the documents by the alleged signatory *only*, and no one else; (2) the alleged signatories intended to make a binding legal commitment to arbitrate their claims by performing the electronic "act" in question; <u>and</u> (3) WIS's systems, policies, and procedures ensure a secure chain of custody showing that the documents purportedly bearing the electronic "signatures" are the same ones originally generated by the electronic process (i.e. that they have not been altered or combined with other documents since their creation). *See* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel Arbitration [ECF 72] (Ps' Opp.) at 10:3-15:16.

As the party seeking to enforce the alleged contracts, WIS bears the burden of proof to authenticate the "signatures." *See Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 845 (2014). In addition, WIS must show that the Inventory Associates are not exempt from the FAA as

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

3

"transportation workers" engaged in interstate commerce. The "new" evidence submitted to support WIS's Reply Brief does neither.

### b. WIS's "new" evidence parrots the deficient showing of its opening brief

#### i. WIS has not shown that the "signature" IDs must have resulted from the acts of the opt-in party plaintiffs

To demonstrate that an electronic signature is authentic, the proponent must produce evidence showing that the electronic signature appearing on the document resulted from the "act of" the alleged signatory. *See Ruiz*, 232 Cal. App. 4th at 843-44.  To satisfy this burden, proponents must show that the electronic signature could have been placed on the document only by the alleged signatory, and by no one else. *Id*. at 844.  Here, WIS's evidence—"new" and old—mirrors the deficient evidentiary showing made by the defendant in *Ruiz*: in both cases, the proponent of the arbitration "agreement" produced a page with the plaintiff's alleged signature, a date and time stamp, and a sworn declaration stating that its electronic systems require signatories to log in using a unique identification and password in order to access the agreements. *Id*.; First Declaration of Gabe Mazzarolo [ECF 57-3] ("First Mazzarolo Decl.") ¶¶ 7-9; Supplemental Declaration of Gabe Mazzarolo ("Suppl. Mazzarolo Decl.") [ECF 75-2] at ¶¶ 3, 4.  *Ruiz* held that this showing failed to demonstrate that the "signatures" appearing on the pages resulted from the "act of" the alleged signatory because it "left a critical gap" between evidence of the defendant's unique password and login system designed for generating electronic signatures on one hand, and the conclusion that the electronic signature was "the act of" the alleged signatory, on the other. *Id*.

WIS attempts to distinguish the declaration in *Ruiz* by describing it as "conclusory[.]" *See* Ds' Reply Br. at 5:15-6:1.  Ironically, WIS makes the same conclusory leap as did the defendant in *Ruiz*: that the company's use of a unique password verification process means the signatures are authentic. *Compare Ruiz*, 232 Cal. App. 4th 836, 844 (holding that employer's declaration did not meet evidentiary burden where it asserted that "each employee is required to log into the company's HR system, using his or her 'unique login ID and password,' to review and sign the employee

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

4

acknowledgment form."), *with* First Mazzarolo Decl. at ¶¶ 7-9 (testifying that the company's electronic systems only permit individuals using a unique login and password to view the Dispute Resolution Agreements and electronically sign them); Suppl. Mazzarolo Decl. at ¶¶ 3, 4 (same).

Moreover, Mr. Mazzarolo's Supplemental Declaration merely summarizes and refers back to the deficient assertions contained in his initial declaration. Suppl. Mazzarolo Decl. at ¶ 3 (testifying that "[a]s I previously explained" employees could only access WIS content by using their "own unique log-in and password); ¶ 4 (testifying that the unique log-in signature process was "described in my earlier declaration."). It should come as no surprise that Mr. Mazzarolo's Supplemental Declaration offers nothing new, given his admission in deposition that he could not provide any evidence in addition to that contained in his initial declaration to demonstrate the authenticity of the electronic signatures. *See* Plaintiff's Opposition Brief [ECF 72] ("P's Opp.") at 13:2-4. As an evidentiary matter, stating that each employee must use a unique login and password to "sign" a document does not demonstrate that a "signature" is authentic. *See Ruiz*, 232 Cal. App. 4th 836, 844.

### ii. WIS has not shown that the opt-in party plaintiffs intended to sign the "agreements"

Parties seeking to enforce documents on the basis of electronic signatures also must produce evidence demonstrating "that the person printing his or her name intended to execute the document." *J.B.B. Inv. Partners, Ltd. v. Fair*, 232 Cal. App. 4th 974, 992 (2014); Cal. Civ. Code § 1633.2 (requiring that an "[e]lectronic signature" be "executed or adopted by a person <u>with the intent to sign the electronic record</u>.") (emphasis added); *see also* Federal E-Sign Act, at 15 U.S.C. § 7006(5) (specifically providing that electronic signatures must be "executed or adopted by a person <u>with the intent to sign the record</u>" to be valid) (emphasis added). To establish intent to electronically execute a document, the proponent must show that the parties intended an electronic act to constitute a legally

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

5

1 binding agreement, which can be "determined from the context and surrounding circumstances, including the parties' conduct." *See J.B.B. Inv. Partners, Ltd.*, 232 Cal. App. 4th at 989-990.[1]

WIS cannot prove such intent merely from the password verification process. For one thing, WIS admits that the system also generates a signature ID when an employee completes other activities on the intranet platform that are wholly unrelated to the arbitration agreement. *See* Ps' Opp. at 6:9-7:20; 14:22-15:6. For another, Mr. Mazzarolo admitted in deposition that there is nothing to confirm or verify that the signature ID pages WIS has presented are actually part of the Dispute Resolution Agreement, as opposed to being signature IDs generated after the employee reviewed another document or confirmed another activity on the same intranet platform. *See* Deposition of Gabe Mazzarolo at 45:5-46:18, attached as Exhibit 2 to the Declaration of Nathan Piller in Opposition to Defendant's Motion to Compel Arbitration [ECF 72-3].

WIS's "new" evidence does not attempt to demonstrate that employees using the password verification process intended their password entry to communicate assent to the terms of the Dispute Resolution Agreement, as opposed to completing an unrelated task or assenting to some other "agreement" for which the same password entry is also required. *See* Mazzarolo Suppl. Decl. at ¶¶ 1-6 (describing electronic signature process and WIS's storage platform, without identifying any means to communicate the distinction between using the electronic signature process to confirm work schedules and payroll, as opposed to communicating assent to legally binding contracts).

    iii. <u>WIS's "new" evidence does not cure its prior failure to establish an unbroken chain of custody and the continuing integrity of its records</u>

The Ninth Circuit requires parties seeking to authenticate electronic records to show there were no breaks in the electronic chain of custody that could have resulted in alteration of the record from its original state. *In re Vee Vinhnee*, 336 B.R. 437, 444 (B.A.P. 9th Cir. 2005). This burden cannot be

---

[1] WIS attempts to get around *J.B.B. Inv. Partners, Ltd.* based on a factual distinction having to do with the form of the document at issue. *See* D's Reply Br. at 6:8, n.5. Yet, any differences between the electronic document in that case and the electronic documents at issue here do not excuse WIS's obligation to demonstrate that the opt-in party plaintiffs intended to enter into a legally binding agreement to arbitrate. *See* 232 Cal. App. 4th at 989-990. WIS has merely presumed such intent.

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

6

satisfied by mere references to storage systems or conclusory statements about the electronic chain of custody. Rather, the proponent must provide evidence of how records databases are controlled and managed in a manner sufficient to show that the records in question could not have been changed since their creation. *See id.* at 445.

Here, Mr. Mazzarolo's Supplemental Declaration merely reiterates testimony from his initial declaration that "WIS' system created a PDF" of the "Agreements" it contends were signed by each opt-in, without demonstrating that the records are accurate representations of the records that were originally created. *See* First Mazzarolo Decl. at ¶¶ 13-23; Suppl. Mazzarolo Decl. at ¶ 5. Despite being given an opportunity to provide detail regarding the company's document storage systems that he was unable to provide in his threadbare deposition testimony, *see* P's Opp. at 16:18-17:4, all Mr. Mazzarolo could offer in his Supplemental Declaration is that the PDFs are stored on WIS' "secure platform." Suppl. Mazzarolo Decl. at ¶¶ 5-6. WIS's Director of Employment Practices offered no additional detail in her declaration. *See* Declaration of Brenda Vaughn [ECF 75-5] ("Vaughn Decl.") at ¶ 2 (testifying that she has access to employee personnel records, which are "maintained electronically on a secure server."). In other words, WIS's Reply evidence provides no additional information regarding the security of its storage systems other than two conclusory statements.

Merely stating that documents have been pulled from computer storage without demonstrating that they accurately represent the originals does not pass muster under controlling authority. *See In re Vee Vinhnee*, 336 B.R. at 444 (reasoning that "the focus is not on the circumstances of the creation of the record, but rather on the circumstances of the preservation of the record during the time it is in the file so as to assure that the document being proffered is the same as the document that originally was created."). Crucially, WIS must show that it maintained systems adequate to ensure the ongoing integrity of the documents it represents as copies of the true, correct originals. *See id.* Despite having now been given two opportunities to make such a showing (including one opportunity to respond to Plaintiff's specific evidentiary challenge), WIS has not attempted to show that its systems and

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

7

procedures prevented the "agreements" from being altered or combined with other documents in the system after their creation, by an individual with access to the system, or by other means.[2]

If anything, WIS's "new" evidence raises additional questions regarding the integrity of the arbitration "agreements" and signature IDs at issue. For instance, Exhibits 13, 14 and 15 to the first Mazzarolo Declaration [ECF 57-3] show arbitration "agreements" and signature ID pages for Katrina Bohanon, Bernice French, and Deon Miller with specific dates, times, ID numbers, fonts, typefaces, styles, and logos, but Exhibit 1 to the Vaughn Declaration shows signature ID pages for the same individuals bearing *different* dates, times, and signature ID numbers, and even *different* fonts, styles, typefaces and logos. Ms. Vaughn testified that she personally logged on to the secure server to search for "any" arbitration document that was electronically signed by any of the 13 opt-ins whose claims are at issue in WIS's motion, but all she found were those contained in Exhibit 1 to her declaration. *See* Vaughn Decl. at ¶¶ 3-4. Yet, Mr. Mazzarolo testified months ago that the three versions of the same individuals' documents attached to his initial declaration also were pulled from WIS's system. *See* First Mazzarolo Decl. at ¶¶ 11-23. WIS provides no explanation for why its systems have apparently contained multiple different documents purporting to be the same arbitration "agreements" for the same individuals, or for why Ms. Vaughn was apparently unable to identify the documents attached to Mr. Mazzarolo's initial declaration when she pulled documents from WIS's system.

As discussed above, WIS admits that the same login signature process is used for functions wholly unrelated to the arbitration agreement. Moreover, the signature IDs are stand-alone pages and completely separate from the actual page containing the text of the arbitration "agreement." In fact, the signature ID pages do not even refer in any way to the arbitration agreement. Now, in reply to these concerns, WIS has submitted different signature IDs purporting to be connected to the same agreement for at least three opt in Plaintiffs. WIS's reply evidence itself provides at least circumstantial evidence that the signature IDs on which it is relying are not linked to the actual

---

[2] WIS admits that any number of individuals may have access to the arbitration "agreements" on "need-to-know basis." *See* Suppl. Mazzarolo Decl. at ¶ 6.

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

8

arbitration agreements. In other words, rather than clearing up the ambiguities and providing verification that pages have not been mixed and matched, or modified, WIS now has submitted new documents that further undercut the integrity and reliability of the electronic evidence upon which it has relied to infer that the Plaintiffs actually executed or intended to execute an agreement to arbitrate.

### c. WIS's self-classification as a "support services" employer is irrelevant to whether the Plaintiffs are exempt from the FAA as "transportation workers"

As discussed in Plaintiff's Opposition briefing, the Inventory Associates are exempt from the FAA's coverage as "transportation workers" because they regularly travel across state lines to count retail products, while transporting equipment necessary for counting retail goods and other Inventory Associates as passengers. *See* P's Opp. at 17:17-19:24.

WIS contests the Inventory Associates' exempt status by reading an artificial limitation into the statutory exemption that "transportation workers" must have the "primary function of transporting goods in interstate commerce for delivery or sale" and work in the transportation industry. *See* D's Reply Br. at 8:20-9:4. WIS' has submitted the Declaration of its Director of Corporate Finance, which states that the company is classified with the United States Census Bureau as a "support services" employer. Declaration of Thomas Manning [ECF 75-3] ("Manning Decl.") at ¶ 3. Yet, WIS cites no authority supporting the argument that how a company identifies itself to the Census Bureau determines whether its employees are "transportation workers" within the meaning of the exemption. On the contrary, Plaintiff's Opposition cited several authorities holding that employees need not work in an area that is traditionally considered part of the "transportation industry" to be covered by the exemption. *See* Ps' Opp. at 19:8-24. Moreover, there is no authority for the broad proposition that individuals must be employed in the transportation industry or primarily transport goods "for sale or delivery" to come under the "transportation workers" exemption. *See Veliz v. Cintas Corp.*, No. C 03-1180 SBA, 2004 WL 2452851, at *7 (N.D. Cal. Apr. 5, 2004) (rejecting argument that employee necessarily must be employed in the transportation industry or transport goods in interstate commerce to come under the exemption).

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

9

## III. CONCLUSION

For all the reasons stated above, WIS's reply evidence does not change the fact that the Court should deny WIS's motion to compel arbitration in its entirety.

Respectfully submitted,

Dated: April 13, 2016

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

By: /s/ *Joshua Konecky*
JOSHUA KONECKY
Attorney for Plaintiffs

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2016, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Joshua G. Konecky*
Joshua G. Konecky (SBN 182897)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
jkonecky@schneiderwallace.com

---

PLAINTIFF'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION
*Richard Hose, et al. v. WIS International, Inc., et al.*

1