# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOSE, on his own behalf, and on behalf of all other similarly situated,<br><br>Plaintiff,<br>v.<br>WASHINGTON INVENTORY SERVICE, INC., d/b/a WIS INTERNATIONAL, a California corporation,<br><br>Defendant. | CASE NO. 14cv2869-WQH-AGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Amend the Complaint to Add As Defendants the Successor Companies and Owners of Defendant Washington Inventory Service, Inc. (ECF No. 182) filed by Plaintiff Richard Hose.

## BACKGROUND

On December 4, 2014, Plaintiff Richard Hose initiated this action by filing the Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA") on behalf of himself and others similarly situated. (ECF No. 1). This action arises from Plaintiff's former employment as an Inventory Associate for Defendant Washington Inventory Service, Inc. ("Defendant"), who employs "thousands" of people as "auditors, inventory associates, and/or other functionally equivalent hourly positions (collectively 'Auditors')" to travel to retail stores and count the inventory in those stores. (ECF No.

82 at ¶ 2). On May 29, 2015, Plaintiff filed a first amended complaint. (ECF No. 26). On March 14, 2016, Plaintiff filed a Second Amended Complaint, which is the operative complaint in this action. (ECF No. 82). The Second Amended Complaint asserts three claims for FLSA violations: (1) failure to pay minimum wages; (2) failure to pay overtime wages; and (3) failure to compensate for all hours worked; and three common law claims: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; and (3) unjust enrichment. The Second Amended Complaint requests an order certifying that the Complaint be maintained as a collective action pursuant to 29 U.S.C. § 216(b), an order equitably tolling the statute of limitations for the potential members of "the Collective," compensatory and statutory damages, liquidated damages, restitution, pre-and post-judgment interest, attorneys' fees, and costs. *Id.* at 27-28.

On June 21, 2017, Plaintiff filed a Motion to Amend the Complaint to Add As Defendants the Successor Companies and Owners of Defendant and to Modify the Scheduling Order. (ECF No. 182). On July 10, 2017, the Magistrate Judge ordered that "The portion of the motion to amend seeking to amend the scheduling order (ECF No. 182) is denied without prejudice to refiling once Judge Hayes determines whether the complaint shall be amended." (ECF No. 187). On June 17, 2017, Defendant filed a response to the Motion to Amend the Complaint to Add As Defendants the Successor Companies and Owners of Defendant. (ECF No. 188). On July 24, 2017, Plaintiff filed a reply to its Motion to Amend the Complaint to Add As Defendants the Successor Companies and Owners of Defendant. (ECF No. 190). On July 26, 2017, Plaintiff and Defendant filed a Joint Stipulation as to Discovery Deadlines. (ECF No. 191).

/ / /

/ / /

/ / /

/ / /

## RULING OF THE COURT

Plaintiff seeks leave to file a third amended complaint to add two successor

defendants, Retail Services WIS, Inc., and Centre Lane Partners, LLC, and a cause of action for successor liability applicable to those defendants. Plaintiff asserts that its proposed third amended complaint, which is attached to its Motion, *see* ECF No. 182-3, contains the following additional allegations:

> Retail Services WIS, Inc., and Centre Lane Partners, LLC as additional defendants based on the purchase of Defendant WIS[;] Allegations that Retail Services WIS, Inc., and Centre Lane Partners, LLC are bona fide successors because there is substantial continuity of business operations between WIS on the one hand, and Retail Services WIS, Inc., and Centre Lane Partners, LLC, on the other. In this respect, the TAC alleges that Retail Services WIS, Inc., and Centre Lane Partners, LLC, retain the same managers and supervisors, business model, employees, equipment and facilities, and provide or provided the same or similar services to the same clientele as their predecessor, WIS[;] Allegations that Retail Services WIS, Inc., and Centre Lane Partners, LLC had notice of the potential FLSA liability prior to their purchase of WIS[;] Allegations that WIS is no longer able to provide adequate relief to the members of the collective.

(ECF No. 182 at 2-3). Plaintiff asserts that it learned of a potential sale of Defendant WIS in May 2017. Plaintiff contends that Defendant WIS "is attempting to use the change in ownership and corporate name to evade its liabilities and legal obligations, including its legal obligation to pay unpaid wages to over 14,000 individuals who have opted into this case." (ECF No. 182-1 at 6). Plaintiff contends that "the only way Plaintiffs may have an opportunity to vindicate their FLSA rights will be to join Retail Services WIS and its owners as Defendants." *Id.* Plaintiff further asserts that "WIS does not oppose Plaintiffs' motion to amend to add Retail Services WIS Corporation and Centre Lane Partners as successor defendants." (ECF No. 190 at 2).

In its response, Defendant does not object to the proposed amended third amended complaint's addition of Retail Services WIS, Inc., and Centre Lane Partners, LLC as defendants in this matter. Defendant asserts that its response to Plaintiff's Motion serves "to highlight: (1) Plaintiff's inappropriate use of his Motion to Amend to argue the merits of his case; (2) Plaintiff's misrepresentations relating to WIS and its prior briefing; and (3) the lack of good cause to extend fact discovery." (ECF No. 188 at 2). Defendant objects to the extension of fact discovery as to Defendant WIS if the Court grants Plaintiff leave to file a third amended complaint.

Federal Rule of Civil Procedure 15 mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. The Court therefore GRANTS Plaintiff's Motion to Amend the Complaint (ECF No. 182).

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint to Add As Defendants the Successor Companies and Owners of Defendant (ECF No. 182) is GRANTED. No later than **seven (7) days** from the date of this order, Plaintiff may file the proposed third amended complaint which is attached to the Motion at ECF No. 182-3.

IT IS FURTHER ORDERED that the Joint Stipulation as to Discovery Deadlines filed by Plaintiff and Defendant (ECF No. 191) remains pending before the Magistrate

Judge. The parties shall contact the Magistrate Judge concerning the discovery deadlines in this matter.

DATED: August 3, 2017

**WILLIAM Q. HAYES**
United States District Judge